**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

**Shaheda Jenkins,**

       **Plaintiff,**              Civil Action No.: 12-CV-13175

   vs.                        District Judge Nancy G. Edmunds

                           Magistrate Judge Mona K. Majzoub

**Foot Locker, Inc.**

       **Defendant.**
_____/

## OPINION AND ORDER DENYING PLAINTIFF'S MOTION TO AMEND THE COMPLAINT [21]

This matter comes before the Court on Plaintiff's Motion to Amend The Complaint. (Docket no. 21). Defendant filed a Response in Opposition to Plaintiff's Motion to Amend (docket no. 23), and Plaintiff filed a Reply (docket no. 25). All pretrial matters have been referred to the undersigned for consideration. (Docket no. 8.) The Court dispenses with oral argument pursuant to E.D. Mich. LR 7.1(e). The Motion is now ready for ruling.

**I.    Background**

Plaintiff alleges in her initial Complaint that Defendant Foot Locker, Inc., discriminated against her on the basis of race in violation of the Title VII of the Civil Rights Act of 1964. (Docket no. 1.) Plaintiff was employed by Defendant from May 2008 through December 2009 and sought "re-employment" with Defendant at a job fair on February 22, 2012. (Docket no. 22-4.[1]) Plaintiff filed a Charge of Discrimination with the EEOC on May 3, 2012, noting that Defendant had

---

[1]Because there are no factual allegations in Plaintiff's Complaint, the Court has drawn some background material from Plaintiff's EEOC Charge of Discrimination, which Defendant filed as part of its pending Motion for Summary Judgment.

committed "DISCRIMINATION BASED ON . . . RACE." (Docket no. 22-4 (wherein Plaintiff checked the box marked "RACE").) She also set forth "the particulars" of the discrimination and noted, in relevant part, the following:

> I believe that I was denied hire based on my race, (black or African American), in violation of Title VII of the Civil Rights Act of 1964, as amended. I believe that I was denied hire based on my sex, (female), in violation of Title VII of the Civil Rights Act of 1964, as amended.

(*Id.*) Plaintiff asserts that because of her race,[2] Defendant failed to give her an annual pay raise while she was employed and then failed to re-hire her. (*See* docket no. 1; docket no. 22-4; docket no. 25.)

Plaintiff filed her Complaint pro se on July 19, 2012. (Docket no. 1.) Defendant filed its answer on September 17, 2012. (Docket no. 10.) The Parties started discovery, and on August 7, 2013, the Court granted Plaintiff's Application for Appointment of Counsel. (Docket no. 15.) On August 20, 2013, Plaintiff's current counsel appeared on her behalf. (*See* docket no. 17.) And on September 24, 2013, Plaintiff filed her instant Motion to Amend. (Docket no. 21.)

Plaintiff's Motion "requests that the amended complaint be incorporated in to the original complaint by reference" and seeks to add three new counts: (1) discrimination on the basis of disability under the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12101 *et seq.*; (2) discrimination on the basis of disability under the Michigan Persons with Disabilities Civil Rights Act ("PWDCRA"), Mich. Comp. Laws § 37.1101, *et seq.*; and (3) discrimination on the basis of race (and possibly gender) under the Elliot-Larsen Civil Rights Act ("ELCRA"), Mich. Comp. Laws §37.2101 *et seq*. (Docket no. 21.) Defendant objects to Plaintiff's Motion, arguing that Plaintiff's

---

[2]Plaintiff did not check the "gender" box in her instant Complaint or the "sex" box in her EEOC charge. Thus, the Court is unsure whether she intends to pursue such a claim as part of her Title VII action.

proposed claims are futile and that Defendant will be prejudiced if Plaintiff's Motion is granted. (Docket no. 23.)

## II. Governing Law

A court is to allow parties to amend their pleadings freely "when justice so requires." Fed.R.Civ.P. 15(a)(2). "A party seeking to amend an answer must act with due diligence if it intends to take advantage of [Rule 15's] liberality." *Saginaw Chippewa Indian Tribe of Michigan v. Granholm*, 05-10296, 2008 WL 4808823, at *8 (E.D. Mich. Oct. 22, 2008) (Ludington, J.) (internal quotation omitted). "A court may deny leave to amend when a party unnecessarily delayed in seeking amendment, thereby []causing prejudice to the other party or unduly delaying the litigation." *Id*. (citation omitted). "In determining what constitutes prejudice, the court considers whether the assertion of the new claim or defense would: [(1)] require the opponent to expend significant additional resources to conduct discovery and prepare for trial; [(2)] significantly delay the resolution of the dispute; or [(3)] prevent the plaintiff from bringing a timely action in another jurisdiction." *Id*. (citation omitted). A court may also deny leave to amend when the proposed amendment would be futile. *See Yuhasz v. Brush Wellman, Inc.*, 341 F.3d 559, 569 (6th Cir. 2003). To determine whether an amendment would be futile, the Court determines whether the amendment could survive a motion to dismiss pursuant to Rule 12(b)(6). *Keely v. Department of Veterans Affairs*, 10-11059, 2011 WL 824493, at *1 (E.D. Mich. Mar. 3, 2011) (Majzoub, M.J.) (citation omitted).

When deciding a Motion under Rule 12(b)(6), the court must "construe the complaint in the light most favorable to the plaintiff, accept its allegations as true, and draw all reasonable inferences in favor of the plaintiff." *Directv, Inc. v. Treesh*, 487 F.3d 471, 476 (6th Cir. 2007); *Inge v. Rock Fin. Corp.*, 281 F.3d 613, 619 (6th Cir. 2002). The plaintiff must provide "'a short and plain

statement of the claim' that will give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." *Conley v. Gibson*, 355 U.S. 41, 47 (1957) (quoting Fed.R.Civ.P. 8(a)(2)). But this statement "must be enough to raise a right to relief above the speculative level." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). The plaintiff cannot rely on "legal conclusions" or "[threadbare] recitals of the elements of a cause of action;" instead, the plaintiff must plead "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). This "facial plausibility" is required to "unlock the doors of discovery." *Id.* To make this determination, the *Iqbal* Court set out the following two-step analysis:

> [A] court considering a motion to dismiss can choose to begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth. While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations. When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief.

*Id.* at 679.

**III.    Analysis**

    **A.    Plaintiff's Proposed Disability Discrimination Claims**

In her proposed Amended Complaint alleging violations of the ADA, Plaintiff alleges that she was injured in a car accident in 2009, that Defendant put her on medical leave, and that she was constructively dismissed from employment. (Docket no. 21 at 2.) She further alleges that her medical problems were "a factor" in both her 2009 dismissal and in Defendant's decision not to hire her in 2012. (*Id.* at 2-3.) Specifically, Plaintiff alleges as follows:

> Defendant . . . had actual knowledge that Plaintiff had an auto accident injury that may not have presently limited a major life activity but may be a *potential future cost to the employer*. Defendant discriminated in a negative (unfavorable) employment decision of 2012 in part because of a <u>potential future cost to the employer</u>.

(*Id.* at 3 (italics and underlining in original).) Plaintiff then refers to these "previously stated limited factual allegations" in support of her PWDCRA claim. Defendant argues that Plaintiff has failed to administratively exhaust her claim of disability discrimination under the ADA, that Plaintiff does not clearly allege that she is disabled, and that Plaintiff's proposed Amended Complaint "does not contain any factual allegation that [Defendant] took an adverse employment decision against her because of any alleged disability." (*Id.* at 7-11.)

        **1.**      **Administrative Exhaustion**

As a prerequisite to filing an ADA claim, a plaintiff must file an EEOC charge "within 180 days of the alleged discrimination, or with the state agency within 300 days." *Marcum v. Oscar Mayer Foods Corp.*, 46 Fed.Appx. 331, 333 (6th Cir. Sept. 16, 2002) (citing *Parry v. Mohawk Motors of Mich., Inc.*, 236 F.3d 299, 309 (6th Cir.2000), cert. denied, 533 U.S. 951 (2001)). "The failure to timely exhaust available administrative remedies is an appropriate basis for dismissal of [an] ADA action." *Id.* Moreover, for Plaintiff to fulfill this requirement, "the EEOC charge must be 'sufficiently precise to identify the parties, and to describe generally the action or practices complained of.'" *Howard v. DaimlerChrysler Corp*, 290 F.Supp.2d 784, 792 (E.D. Mich. 2003) (Duggan, J.) (citing *Jones v. Sumser Ret. Vill.*, 209 F.3d 851, 853 (6th Cir. 2000)). That is, the claim that the plaintiff brings before the court must be the same one the plaintiff "'explicitly files . . . in an EEOC charge or [one that] can reasonably grow out of the EEOC charge.'" *Id.* (quoting *Jones*, 209 F.3d at 853).

Here, as Defendant argues, until she filed her proposed Amended Complaint, Plaintiff did not even allude to a possible claim for disability discrimination. Her EEOC charge alleged racial discrimination (and implied gender discrimination), and her Complaint alleges racial discrimination. Plaintiff does not directly address this issue and, instead, argues that her claim is substantively

plausible, that jurisdiction is appropriate, and that there is no exhaustion requirement under the ELCRA, which has nothing to do with her ADA claim.

As Defendant points out, the *Howard* court dealt with a strikingly similar matter and stated as follows:

> Plaintiff clearly has not exhausted his administrate remedies with respect to his ADA claim. In filing his charge of discrimination with the EEOC, Plaintiff never checked the box for "disability." Furthermore, in describing the alleged discrimination in his EEOC charge, Plaintiff refers only to his race and age as the motivations for the discrimination and claims that the discrimination took place in July 2001 and February 2002. Plaintiff's EEOC charge could not possibly refer to his claims of disability discrimination as he claims in the Complaint that such discrimination only occurred following his return from a medical leave of absence in the Summer of 2002.

*Id.* Likewise, for similar reasons, Plaintiff's EEOC charge could not possibly refer to her claims of disability discrimination. Therefore, the Court finds that Plaintiff has failed to exhaust her administrative remedies with regard to her ADA claim.

### 2. Amendment of Plaintiff's Complaint to Add her ADA Claim or her PWDCRA Claims would be Futile

As a fundamental matter, to prevail on a claim under the ADA[3] or the PWDCRA, a plaintiff must be disabled. *See Whitfield v. Tennessee*, 639 F.3d 253, 259 (6th Cir.2011) (setting forth the elements necessary to make out an ADA claim); *Chiles v. Mach. Shop, Inc.*, 606 N.W.2d 398, 405 (Mich. Ct. App. 1999) (setting forth the elements necessary to make out a PWDCRA claim). Under both statutes, a person is disabled where a physical (or mental) impairment "substantially limits one or more of the major life activities" of the individual. 42 U.S.C. § 12102(2)(A); Mich. Comp. Laws § 37.1103(d)(I). A major life activity includes caring for oneself, working, speaking, breathing, walking, seeing, and hearing. *See* 29 C.F.R. § 1630.2(I).

---

[3]The Court addresses Plaintiff's ADA claim in this section as an alternative reason for denying Plaintiff's Motion to Amend with regard to this claim.

As Defendant correctly argues, Plaintiff has neither alleged nor can the Court infer that she suffers from a disability. In response to Defendant's argument, Plaintiff does not contend that she is, in fact, disabled. Instead, Plaintiff relies on the proposition that "notice pleading" is sufficient to state a claim and that her Complaint and proposed Amended Complaint, when read together, provide enough facts to support her claim so long as the Court makes reasonable inferences. (Docket no. 25 at 5-6.) Plaintiff's argument, however, does not address the issue before the Court. Plaintiff's initial complaint contains ***no*** factual allegations. And her proposed Amended Complaint alleges, at most, that she was "injured in a car accident in 2009," that she was "put on medical leave by Defendant," and that Defendant took adverse employment action against her because of her injuries. (Docket no. 21 at 2-3.) Even assuming, *arguendo*, that Plaintiff's pleadings sufficiently show a connection between her injury and Defendant's employment decisions, Plaintiff has not alleged that she suffers from a "disability." To the contrary, Plaintiff states that her accident "may not have presently limited a major life activity" and, instead, asserts that her injury "may be a potential future cost to [Defendant]." (*Id.* at 3.) Nowhere do the ADA or the PWDCRA suggest that a plaintiff is "disabled" whenever an employer may be subject to a future cost because of the plaintiff's injury. Therefore, the Court agrees with Defendant and finds that allowing Plaintiff to add her disability-discrimination claims would be futile.[4]

B.   **Plaintiff's Proposed ELCRA Claim**

Defendant asserts that Plaintiff's proposed amendment to add an ELCRA claim would be futile because she makes no allegations and "simply cites the relative ELCRA statutory language." (Docket no. 23 at 12.) Defendant further asserts that any such claim would fail as a matter of law

---

[4] Because the Court finds that Plaintiff's proposed amendments under the ADA and the PWDCRA would be futile, the Court need not address whether Defendant would be prejudiced if such amendments were allowed.

and refers the Court to its "contemporaneously filed Motion for Summary Judgment." (*Id.*) In her Reply to Defendant's opposition, Plaintiff sets forth the facts supporting her claim. (Docket no. 25 at 3-5.)

"[C]laims of discrimination brought under the ELCRA are analyzed under the same evidentiary framework used in Title VII cases." *Galeski v. City of Dearborn*, 435 F. App'x 461, 466 n.4 (6th Cir .2011) (citing *Hummeny v. Genex Corp.*, 390 F.3d 901, 906 (6th Cir .2004)); *Elezovic v. Bennett*, 274 Mich. App. 1, 731 N.W.2d 452, 457 (Mich. Ct. App. 2007). Moreover, Plaintiff's Complaint notes that "[i]f relief is not granted, I will be irreparably denied rights secured by Title VII . . . and/or the Elliot-Larsen Civil Rights Act."[5] (Docket no. 1 at 2.) Thus, the Court could allow Plaintiff's proposed amendment under the premiss that (1) Plaintiff intended to include an ELCRA claim in her Complaint and (2) Defendant will not be prejudiced because Plaintiff's ELCRA claim is substantially similar to her Title VII claim, which Defendant has already prepared to defend.

Nevertheless, the Court finds that Plaintiff's ELCRA claim, as proposed, is futile. As noted, Plaintiff's initial Complaint contains no factual allegations. (*See* docket no. 1.) And while "notice pleading" may be sufficient, her proposed Amended Complaint merely refers to her initial Complaint and sets forth factual allegations with regard to her disability-discrimination claims. (*See* docket no. 21.) Her proposed Amended Complaint does not contain a single factual allegation of racial or gender discrimination. (*See id.*) It is insufficient for Plaintiff to set forth her factual allegations in her Reply to Defendant's opposition. Thus, Plaintiff's proposed Amended Complaint cannot survive a Motion to Dismiss and is, therefore, futile.

**IT IS THEREFORE ORDERED** that Plaintiff's Motion to Amend is **DENIED**.

---

[5] Plaintiff's Complaint is a form "Complaint and Motion for Other Relief" that includes the referenced language by default.

## NOTICE TO THE PARTIES

Pursuant to Federal Rule of Civil Procedure 72(a), the parties have a period of fourteen days from the date of this Order within which to file any written appeal to the District Judge as may be permissible under 28 U.S.C. § 636(b)(1).

Dated:  February 14, 2014            s/ Mona K. Majzoub
                                     MONA K. MAJZOUB
                                     UNITED STATES MAGISTRATE JUDGE

## PROOF OF SERVICE

I hereby certify that a copy of this Order was served upon Counsel of Record on this date.

Dated: February 14, 2014             s/ Lisa C. Bartlett
                                     Case Manager