UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

**Shaheda Jenkins,**

      **Plaintiff,**　　　　　　　　Civil Action No.: 12-CV-13175

  vs.　　　　　　　　　　　　　　　District Judge Nancy G. Edmunds

　　　　　　　　　　　　　　　　　　Magistrate Judge Mona K. Majzoub

**Foot Locker, Inc.**

      **Defendant.**

_____/

## REPORT AND RECOMMENDATION

      Plaintiff Shaheda Jenkins brings this action alleging that Defendant Foot Locker, Inc., violated Title VII of the Civil Rights Act of 1964 when Defendant allegedly discriminated against Plaintiff based on her race. (Docket no. 1 at 1-2.)  Before the Court is Defendant's Motion for Summary Judgment. (Docket no. 22.)  Plaintiff has not filed a Response. [1]  Also pending before the Court are Plaintiff's Second Motion to Amend (docket no. 30) and Defendant's Motion for

---

[1] Defendant's Motion for Summary Judgment was filed on October 11, 2013. (Docket no. 22.)  Thus, pursuant to E.D. Mich. L.R. 7.1(e)(1)(B), Plaintiff's Response was due no later than November 1, 2013.  Plaintiff's counsel appears to believe that Plaintiff need not file a response to Defendant's Motion because (1) Plaintiff had a Motion to Amend pending before the Court and (2) discovery has not yet closed.  (*See* docket no. 34 at 7 (wherein Plaintiff's counsel asserts that she did not respond to Defendant's Motion for Summary Judgment because she believes that Defense counsel only submitted the Motion because the discovery deadline had not been extended); Plaintiff's counsel also expressed this view in numerous phone calls with the Court, at which time she was repeatedly informed that the Court cannot provide legal advice to Plaintiff or her attorney).  Dispositive Motion filing dates and Response deadlines are driven neither by other pending motions nor by the discovery cut-off date.  Without the Court granting leave otherwise, Plaintiff's Response was due on November 1, 2013.  Moreover, the Court entered it's Opinion and Order denying Plaintiff's Motion to Amend on February 14, 2014.  Two months later, Plaintiff has still failed to file a Response to Defendant's Motion.  Thus, the undersigned issues this Report and Recommendation on the merits of Defendant's Motion for Summary Judgment.

Protective Order (docket no. 35).[2] Defendant filed a Response to Plaintiff's Motion to Amend (docket no. 33), and Plaintiff filed a Reply (docket no. 34). Plaintiff filed a Response to Defendant's Motion for Protective Order. (Docket no. 38.) All pretrial matters have been referred to the undersigned for consideration. (Docket no. 8.) The Court has reviewed the pleadings, dispenses with a hearing pursuant to E.D. Mich. L.R. 7.1(f)(2), and issues this Report and Recommendation.

I.   **Recommendation**

For the reasons that follow, the undersigned recommends that Defendant's Motion for Summary Judgment [22] be **GRANTED**. The undersigned further recommends that Plaintiff's Second Motion to Amend [30] be concurrently **DENIED**. The Court should also deny Defendant's Motion for a Protective Order [35] as moot. Therefore, this matter should be dismissed in its entirety.

II.  **Report**

   A.   **Background**

Plaintiff filed her Complaint pro se on July 19, 2012. (Docket no. 1.) Defendant filed its answer on September 17, 2012. (Docket no. 10.) The Parties started discovery, and on August 7, 2013, the Court granted Plaintiff's Application for Appointment of Counsel. (Docket no. 15.) On August 20, 2013, Plaintiff's current counsel appeared on her behalf. (*See* docket no. 17.) And on

---

[2]Plaintiff's Second Motion to Amend was referred to the undersigned for an Opinion and Order under 28 U.S.C. § 636(B)(1)(a). (Docket no. 8.) Nevertheless, the undersigned has included this Motion in the instant Report and Recommendation for two reasons. First, Plaintiff's Second Motion to Amend attempts to add several claims to her instant Complaint, which if granted, could render Defendant's Motion for Summary Judgment moot. Second, Plaintiff's Second Motion to Amend attempts to add claims that are substantially similar, if not identical, to claims that Plaintiff attempted to raise in her first Motion to Amend. The undersigned's denial of Plaintiff's first Motion is currently on appeal with the Court. Therefore, the undersigned has included a recommendation herein so that the Court can avoid inconsistent results when addressing Plaintiff's appeal.

September 24, 2013, Plaintiff filed her first Motion to Amend. (Docket no. 21.)

Plaintiff alleged in her initial Complaint that Defendant Foot Locker, Inc., discriminated against her on the basis of race in violation of the Title VII of the Civil Rights Act of 1964. (Docket no. 1.) Plaintiff was employed by Defendant from May 2008 through December 2009 and sought "re-employment" with Defendant at a job fair on February 22, 2012. (Docket no. 22-4.[3]) Plaintiff filed a Charge of Discrimination with the EEOC on May 3, 2012, noting that Defendant had committed "DISCRIMINATION BASED ON . . . RACE." (Docket no. 22-4 (wherein Plaintiff checked the box marked "RACE").) She also set forth "the particulars" of the discrimination and noted, in relevant part, the following:

> I believe that I was denied hire based on my race, (black or African American), in violation of Title VII of the Civil Rights Act of 1964, as amended. I believe that I was denied hire based on my sex, (female), in violation of Title VII of the Civil Rights Act of 1964, as amended.

(*Id.*) Plaintiff asserts that because of her race,[4] Defendant failed to give her an annual pay raise while she was employed and then failed to re-hire her. (*See* docket no. 1; docket no. 22-4; docket no. 25.)

In Plaintiff's first Motion to Amend, she sought to add three new counts: (1) discrimination on the basis of disability under the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12101 *et seq.*; (2) discrimination on the basis of disability under the Michigan Persons with Disabilities Civil Rights Act ("PWDCRA"), Mich. Comp. Laws § 37.1101, *et seq.*; and (3) discrimination on

---

[3]Because there are no factual allegations in Plaintiff's Complaint, the Court has drawn some background material from Plaintiff's EEOC Charge of Discrimination, which Defendant filed as part of its pending Motion for Summary Judgment.

[4]Plaintiff did not check the "gender" box in her instant Complaint or the "sex" box in her EEOC charge. Thus, Plaintiff implied that she intended only to pursue her racial-discrimination charge.

the basis of race (and possibly gender) under the Elliot-Larsen Civil Rights Act ("ELCRA"), Mich. Comp. Laws §37.2101 *et seq*. (Docket no. 21.) The Court denied her Motion for the following reasons:

- Plaintiff's proposed ADA and PWDCRA claims failed because she had not timely exhausted her administrative remedies with the EEOC; that is, Plaintiff's EEOC claim only alleged race as a basis for Defendant's alleged discrimination, not disability (docket no. 29 at 5-6);

- Plaintiff's proposed ADA and PDWCRA claims were futile because Plaintiff had not alleged that she was "disabled" under either Act; "[t]o the contrary, Plaintiff state[d] that her accident 'may not have presently limited a major life activity' and, instead, assert[ed] that her injury 'may be a potential future cost to [Defendant]'"(*id.* at 6-7);

- Plaintiff's proposed ELCRA claim was futile because "[h]er proposed Amended Complaint d[id] not contain a single factual allegation of racial or gender discrimination" (*id.* at 7-8).

Plaintiff then filed an Appeal of the undersigned's decision *and* her Second Motion to Amend. In her Second Motion, Plaintiff alleges that discovery was delayed due to her pro se status and appears to assert that her Motion should be granted based (at least in part) on her "emotional strain." (Docket no. 30 at 3.)

In her proposed Second Amended Complaint, Plaintiff again raises claims of racial discrimination under the ELCRA (docket no. 30-2 at 5), gender discrimination under the ELCRA (*id.* at 8), and disability discrimination under the ADA (*id.* at 10). Defendant objects to Plaintiff's proposed amendments for the same reasons it objected to Plaintiff's first Motion to Amend. (*Compare* docket no. 33, *with* docket no. 23.)

### B. Governing Law

#### 1. Motion for Summary Judgment Standard

"The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A moving party may meet that burden "by 'showing' – that is, pointing out to the district court – that there is an absence of evidence to support the nonmoving party's case." *Celotex Corp. v. Catrett,* 477 U.S. 317, 325 (1986). Rule 56 expressly provides that:

> A party asserting that a fact cannot be or is genuinely disputed must support the assertion by:
>
> (A) citing to particular parts of materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations (including those made for purposes of the motion only), admissions, interrogatory answers, or other materials; or
>
> (B) showing that the materials cited do not establish the absence or presence of a genuine dispute, or that an adverse party cannot produce admissible evidence to support the fact.

Fed. R. Civ. P. 56(c)(1). The Rule also provides the consequences of failing to properly support or address a fact:

> If a party fails to properly support an assertion of fact or fails to properly address another party's assertion of fact as required by Rule 56(c), the court may:
>
> (1) give an opportunity to properly support or address the fact;
>
> (2) consider the fact undisputed for purposes of the motion;
>
> (3) grant summary judgment if the motion and supporting materials – including the facts considered undisputed – show that the movant is entitled to it; or
>
> (4) issue any other appropriate order.

Fed. R. Civ. P. 56(e). "The court need consider only the cited materials, but it may consider other materials in the record." Fed. R. Civ. P. 56(c)(3).

When the moving party has met its burden under rule 56, "its opponent must do more than simply show that there is some metaphysical doubt as to the material facts." *Matsushita Electric Industries Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986). Ultimately a district court must determine whether the record as a whole presents a genuine issue of material fact, *id.* at 587, drawing "all justifiable inferences in the light most favorable to the non-moving party," *Hager v. Pike County Bd. Of Education*, 286 F.3d 366, 370 (6th Cir. 2002).

### 2. Motion to Amend Standard

A court is to allow parties to amend their pleadings freely "when justice so requires." Fed.R.Civ.P. 15(a)(2). "A party seeking to amend an answer must act with due diligence if it intends to take advantage of [Rule 15's] liberality." *Saginaw Chippewa Indian Tribe of Michigan v. Granholm*, 05-10296, 2008 WL 4808823, at *8 (E.D. Mich. Oct. 22, 2008) (Ludington, J.) (internal quotation omitted). "A court may deny leave to amend when a party unnecessarily delayed in seeking amendment, thereby []causing prejudice to the other party or unduly delaying the litigation." *Id.* (citation omitted). "In determining what constitutes prejudice, the court considers whether the assertion of the new claim or defense would: [(1)] require the opponent to expend significant additional resources to conduct discovery and prepare for trial; [(2)] significantly delay the resolution of the dispute; or [(3)] prevent the plaintiff from bringing a timely action in another jurisdiction." *Id.* (citation omitted). A court may also deny leave to amend when the proposed amendment would be futile. *See Yuhasz v. Brush Wellman, Inc.*, 341 F.3d 559, 569 (6th Cir. 2003). To determine whether an amendment would be futile, the Court determines whether the amendment could survive a motion to dismiss pursuant to Rule 12(b)(6). *Keely v. Department of Veterans Affairs*, 10-11059, 2011 WL 824493, at *1 (E.D. Mich. Mar. 3, 2011) (Majzoub, M.J.) (citation omitted).

When deciding a Motion under Rule 12(b)(6), the court must "construe the complaint in the light most favorable to the plaintiff, accept its allegations as true, and draw all reasonable inferences in favor of the plaintiff." *Directv, Inc. v. Treesh*, 487 F.3d 471, 476 (6th Cir. 2007); *Inge v. Rock Fin. Corp.*, 281 F.3d 613, 619 (6th Cir. 2002). The plaintiff must provide "'a short and plain statement of the claim' that will give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." *Conley v. Gibson*, 355 U.S. 41, 47 (1957) (quoting Fed.R.Civ.P. 8(a)(2)). But this statement "must be enough to raise a right to relief above the speculative level." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). The plaintiff cannot rely on "legal conclusions" or "[threadbare] recitals of the elements of a cause of action;" instead, the plaintiff must plead "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). This "facial plausibility" is required to "unlock the doors of discovery." *Id.* To make this determination, the *Iqbal* Court set out the following two-step analysis:

> [A] court considering a motion to dismiss can choose to begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth. While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations. When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief.

*Id.* at 679.

    **C.**    **Analysis**

        **1.**    **Defendant's Motion for Summary Judgment**

In its Motion for Summary Judgment, Defendant separates Plaintiff's claims into two separate causes of action: one for Defendant's alleged discriminatory failure to give Plaintiff a raise or a promotion in 2008 and 2009, and one for Defendant's alleged discriminatory failure to re-hire Plaintiff in 2012. Defendant argues that Petitioner's claims arising out of Defendant's alleged

actions in 2008 and 2009 have not been administratively exhausted and should, therefore, be dismissed. (Docket no. 22 at 15-16.) Defendant argues that the Court should grant summary judgment for Defendant on Petitioner's claims arising out of Defendant's alleged 2012 conduct because even viewing all of the evidence before the Court in a light most favorable to Plaintiff, she cannot show that similarly situated persons not in Plaintiff's protected class received the job for which she applied. (*Id.* at 12-14.)

### i.   Plaintiff's Claims from 2008 and 2009

As discussed in the Court's February 14, 2014 Opinion and Order denying Plaintiff's Motion to Amend with regard to her ADA claim, as a prerequisite to filing a civil-rights claim, a plaintiff must file an EEOC charge "within 180 days of the alleged discrimination, or with the state agency within 300 days." *Marcum v. Oscar Mayer Foods Corp.*, 46 Fed.Appx. 331, 333 (6th Cir. Sept. 16, 2002) (citing *Parry v. Mohawk Motors of Mich., Inc.*, 236 F.3d 299, 309 (6th Cir.2000), cert. denied, 533 U.S. 951 (2001)). "The failure to timely exhaust available administrative remedies is an appropriate basis for dismissal of [an] . . . action." *Id.* Moreover, for Plaintiff to fulfill this requirement, "the EEOC charge must be 'sufficiently precise to identify the parties, and to describe generally the action or practices complained of.'" *Howard v. DaimlerChrysler Corp*, 290 F.Supp.2d 784, 792 (E.D. Mich. 2003) (Duggan, J.) (citing *Jones v. Sumser Ret. Vill.*, 209 F.3d 851, 853 (6th Cir. 2000)). That is, the claim that the plaintiff brings before the court must be the same one the plaintiff "'explicitly files . . . in an EEOC charge or [one that] can reasonably grow out of the EEOC charge.'" *Id.* (quoting *Jones*, 209 F.3d at 853).

Defendant argues that Plaintiff's claims with regard to Defendant's alleged failure to promote her or give her a raise occurred well before her last day of employment, but even assuming Plaintiff's claims accrued on her last day, the time for her to exhaust her administrative remedies

began running on February 28, 2010, her last day of employment. (Docket no. 22 at 10-11, 15.) Thus, Defendant contends, for Plaintiff's claims to survive, she must have filed charges with the EEOC no later than December 25, 2010. (*Id.* at 11.) Plaintiff's EEOC claim was filed in May 2012, some 17 months later. (*Id.*) Moreover, Defendant notes, while Plaintiff's May 2012 EEOC complaint alleged racial discrimination, it only alleged that Plaintiff was not re-hired based on her race; the EEOC charge does not mention any allegations with regard to her previous employment. (*See* docket no. 22-4.) Thus, Defendant argues that Plaintiff's current claims could not "reasonably grow out of the EEOC charge."

The undersigned agrees with Defendant. Plaintiff failed to exhaust her administrative remedies in a timely manner. And while her claims related to her 2008 and 2009 employment may be similar to her failure-to-rehire claims (in that they both allege racial discrimination), they are not so sufficiently related that Plaintiff's claims should be allowed to survive. Therefore, the Court should grant Defendant's Motion with regard to Plaintiff's claims arising out of Defendant's alleged 2008 and 2009 conduct.

### ii.     Plaintiff's Claims from 2012

The analytical framework governing Title VII cases is well-established. To support a case of racial discrimination, a plaintiff may provide direct or circumstantial evidence. Direct evidence is that evidence showing without inference that unlawful discrimination was at least a motivating factor in the employer's actions. *See Jacklyn v. Schering Plough Healthcare Prods. Sales Corp.*, 176 F.3d 921, 926 (6th Cir.1999); *Nguyen v. City of Cleveland*, 229 F.3d 559, 563 (6th Cir.2000). To prevail through a showing of circumstantial evidence, a plaintiff must present a prima facie case, at which point the defendant must come forward with a legitimate, non-discriminatory reason for its action. If the defendant is able to offer such a reason for the adverse employment action, the

plaintiff must offer evidence that the defendant's justification is a pretext that masks its true discriminatory intent. *See Johnson v. Kroger Co.*, 319 F.3d 858, 866 (6th Cir.2003).

To make out a prima facie case of discrimination based on a failure to hire for a vacant position, a plaintiff must show: (1) that she is a member of a protected class; (2) that she applied and was qualified for the position; (3) that she was considered for and denied the position; and (4) another applicant with similar qualifications *who was not a member of the protected class* was hired for the position. *See Sutherland v. Michigan Dept. of Treasury*, 344 F.3d 603, 614 (6th Cir.2003); *Dews v. A.B. Dick Co.*, 231 F.3d 1016, 1020-21 (6th Cir.2000) (*quoting Murray v. Thistledown Racing Club, Inc.*, 770 F.2d 63, 67 (6th Cir.1985) (*quoting Parker v. Baltimore and Ohio R.R. Co.*, 652 F.2d 1012, 1017 (D.C.Cir.1981))).

Defendant argues that even if Plaintiff can meet the first three elements of a prima facie case of failure-to-hire discrimination, Plaintiff cannot show that anyone who was not a member of her protected class was hired for the position for which she applied. (Docket no. 22 at 12.) In support of this contention, Defendant draws the Court's attention to a Declaration provided by John O'Rourke, a Field Manager currently employed by Defendant who was one of the two individuals in charge of running the job fair at which Plaintiff submitted her application for re-employment. (*Id.* at 14, 8 (citing docket no. 22-2).) In his sworn Declaration, Mr. O'Rourke states that 260 people applied for the same position for which Plaintiff applied; 58 of the individuals were called back for a second interview, and 28 individuals were hired. (Docket no. 22-2 at 2.) Of the 28 new employees, 27 were African-American, and one was multi-racial. (*Id.*) Plaintiff is African-American. Thus, Defendant contends, 27 of the 28 people who were hired *were* members of Plaintiff's protected class.

The Court has no reason to believe that Mr. O'Rourke's sworn declaration is untrue. To the

contrary, the other manager who was in attendance at the job fair, Mr. Mike Arnold, confirms the same. (Docket no. 22-3.) Thus, even viewing the evidence available in a light most favorable to Plaintiff, the record as a whole presents no genuine issue of material fact. Plaintiff cannot make out a prima facie case of discrimination for Defendant's alleged failure to re-hire her.[5] Therefore, the Court should grant Defendant's Motion.

### 2. Plaintiff's Motion to Amend

#### i. Plaintiff's Proposed Disability Discrimination Claims

As discussed in the Court's February 14, 2014 Opinion and Order denying Plaintiff's Motion to Amend, and as noted above, a plaintiff must file an EEOC charge "within 180 days of the alleged discrimination, or with the state agency within 300 days." *Marcum*, 46 Fed.Appx. at 333. In finding that Plaintiff's previous Motion to Amend should be denied for failure to exhaust administrative remedies, the undersigned noted that the *Howard* court's decision was "strikingly similar" to the matter at hand. (Docket no. 29 at 6.) Plaintiff's Second Proposed Amended Complaint does not address this deficiency; indeed, as Defendant argues, Plaintiff could not possibly add any factual allegations to cure such a deficiency. Instead, Plaintiff argues in her Reply brief that her failure to exhaust her administrative remedies has been "waived and/or estopped" because the EEOC's investigation was flawed and because Plaintiff's racial-discrimination claims are "reasonably

---

[5] Moreover, because Plaintiff did not file a Response, and to the extent that the Court may consider facts included in the record outside of Defendant's Motion and Brief in support, the undersigned has considered the argument included in Plaintiff's Second Motion to Amend with respect to her proposed ELCRA claim because claims under the ELCRA and Title VII are analyzed under the same framework. In her Proposed Amended Complaint, Plaintiff appears to assert in support of her claim that she was told she "did not exhibit the required enthusiasm" for the position and that other applicants were asked to return for a second interview "based on their energy and enthusiasm." (Docket no. 30-2 at 6.) These statements, however, only support Defendant's Motion in that even if Plaintiff could make out a prima facie case of discrimination, Plaintiff's alleged lack of energy and enthusiasm are a legitimate, nondiscriminatory reason for Defendant's decision not to hire her.

related" to her ADA claims. (Docket no. 34 at 4-5.)

Contrary to Plaintiff's contentions, the undersigned finds that Plaintiff's ADA claim, wherein Plaintiff alleges that she was terminated due to a disability caused by a 2009 automobile accident, is not reasonably related to her racial-discrimination claim, wherein Plaintiff alleges that she was not re-hired by Defendant in 2012 due to her race. Thus, for the same reason that Plaintiff's Motion to add an ADA claim was denied in the Court's February 14, 2014 Opinion and Order, the Court should deny her instant request.[6]

### ii. Plaintiff's Proposed ELCRA Claim

In its February 14, 2014 Opinion and Order, the Court found that Plaintiff's Motion to Amend should be denied with regard to her ELCRA claim because "[h]er proposed Amended Complaint d[id] not contain a single factual allegation of racial or gender discrimination. (Docket no. 29 at 8.) In her second proposed Amended Complaint, Plaintiff has cured this deficiency. (*See* docket no. 30-2 at 5-8.) Nevertheless, "claims of discrimination brought under the ELCRA are analyzed under the same evidentiary framework used in Title VII cases." *Galeski v. City of Dearborn*, 435 F. App'x 461, 466 n.4 (6th Cir .2011) (citing *Hummeny v. Genex Corp.*, 390 F.3d 901, 906 (6th Cir .2004)); *Elezovic v. Bennett*, 274 Mich. App. 1, 731 N.W.2d 452, 457 (Mich. Ct. App. 2007). Thus, Plaintiff's proposed ELCRA claim for racial discrimination would fail for the same reason that her Title VII claim fails: Plaintiff cannot make out a prima facie case of discrimination where 27 of the 28 individuals hired by Defendant for the position for which Plaintiff applied were of the same protected class as Plaintiff.

---

[6]While Plaintiff alleges throughout her Second Proposed Amended Complaint that she is "disabled," she still provides no factual basis to even suggest that she suffered from a physical (or mental) impairment that "substantially limits one or more of [her] major life activities." *See* 42 U.S.C. § 12102(2)(A); Mich. Comp. Laws § 37.1103(d)(I). Thus, the Court could also deny Plaintiff's Motion on substantive futility grounds, which the undersigned did previously.

Plaintiff also attempts to add an ELCRA claim for gender discrimination. As noted herein, Plaintiff did not include such a claim in her EEOC charge; thus, she has failed to administratively exhaust her claim. But even if her claim were allowed to proceed in lieu of this procedural bar, Plaintiff's gender-discrimination claim fails to state a claim on which relief can be granted. Specifically, Plaintiff brings her claims under a disparate-treatment theory and argues that Defendant's hiring practices discriminate against women because Defendant looks for enthusiasm and energy during its interview process and, therefore, "less assertive women" are the subject of discrimination. (Docket no. 30-2 at 8-9.) Even assuming that Plaintiff's argument is plausible, Plaintiff's allegations do not assert that Defendant discriminated against women; Plaintiff's allegations assert that Defendant's hiring practices were unfair to those individuals who are "less assertive," some of whom happen to be women. Such a hiring plan does not violate Title VII of the Civil Rights Act. Therefore, Plaintiff's Motion to Amend should be denied.

### D.     Conclusion

For the above-stated reasons, the Court should grant Defendant's Motion for Summary Judgment [22] and concurrently deny Plaintiff's Second Motion to Amend [30]. The Court should further deny Defendant's Motion for a Protective Order [35] and dismiss this matter in its entirety.

### III.    Notice to Parties Regarding Objections

The parties to this action may object to and seek review of this Report and Recommendation, but are required to act within fourteen (14) days of service of a copy hereof as provided for in 28 U.S.C. § 636(b)(1) and E.D. Mich. LR 72.1(d)(2). Failure to file specific objections constitutes a waiver of any further right of appeal. *Thomas v. Arn*, 474 U.S. 140 (1985); *Howard v. Sec'y of Health & Human Servs.,* 932 F.2d 505 (6th Cir. 1991); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981). Filing of objections which raise some issues but fail to raise others with specificity, will

not preserve all the objections a party might have to this Report and Recommendation. *Willis v. Sec'y of Health & Human Servs.*, 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n Of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987). Pursuant to E.D. Mich. LR 72.1(d)(2), a copy of any objections is to be served upon this Magistrate Judge.

Any objections must be labeled as "Objection #1," "Objection #2," etc. Any objection must recite *precisely* the provision of this Report and Recommendation to which it pertains. Not later than fourteen days after service of an objection, the opposing party must file a concise response proportionate to the objections in length and complexity. The response must specifically address each issue raised in the objections, in the same order and labeled as "Response to Objection #1," "Response to Objection #2," etc.

Dated: April 16, 2014                s/ Mona K. Majzoub
                                     MONA K. MAJZOUB
                                     UNITED STATES MAGISTRATE JUDGE


**PROOF OF SERVICE**

I hereby certify that a copy of this Report and Recommendation was served upon Counsel of Record on this date.

Dated: April 16, 2014                s/ Lisa C. Bartlett
                                     Case Manager