UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

Shaheda Jenkins,

    Plaintiff,

Case No. 12-13175

Honorable Nancy G. Edmunds

v.

Foot Locker Inc.,

    Defendant.
_____/

**OPINION AND ORDER ADOPTING THE MAGISTRATE'S REPORT AND RECOMMENDATION, DENYING PLAINTIFF'S APPEAL OF THE MAGISTRATE'S ORDER, AND DENYING PLAINTIFF'S OBJECTION TO THE MAGISTRATE'S REPORT AND RECOMMENDATION [32, 41, 42]**

Currently before the Court is Plaintiff's appeal from the Magistrate's Order denying Plaintiff's motion to amend the complaint and Plaintiff's objection to the Magistrate's Report and Recommendation counseling the Court to grant Defendant's motion for summary judgment and deny Plaintiff's second motion for leave to amend the complaint. For the reasons set forth below, the Court DENIES Plaintiff's appeal, OVERRULES Plaintiff's objection, and ADOPTS the Report and Recommendation.

**I.    FACTS**

This is a case of alleged employment discrimination. Plaintiff, Shaheda Jenkins, is an African-American woman. Plaintiff worked for Defendant, Foot Locker, from May 2008 through February 28, 2010. In February 2012, Plaintiff unsuccessfully sought to be hired a second time by Defendant at a job fair.

Defendant states that 260 applicants attended the 2012 job fair, and that fifty-eight individuals were called back for further interviewing. Of those fifty-eight, twenty-eight people were hired. The racial breakdown of the twenty-eight people hired was as follows: one-mixed race individual and twenty-seven African-American individuals.

Plaintiff claims that Defendant discriminated against her on the basis of her race. Specifically, the complaint, filed *pro se*, alleges that Defendant did not promote Plaintiff or give her annual pay raises, and it states that Defendant did not employ her, and it alleges that the discriminatory conduct was based on her race. Plaintiff did file charges with the Michigan Department of Civil Rights in March of 2012.

This Court referred all pretrial matters to the Magistrate for disposition. Subsequent to the filing of the complaint, the Magistrate appointed an attorney to represent Plaintiff. Plaintiff then filed a motion to amend the complaint, seeking to add state claims for race discrimination in employment and state and federal claims for gender and disability discrimination in employment. Plaintiff did not file claims for disability discrimination with the EEOC or the relevant state agency. In filing with the state agency, Plaintiff only checked the box on the form to indicate a claim for discrimination based on race, but then went on to explain she also felt discriminated against based on her gender, despite not having checked the "gender" box on the form. Plaintiff's compliant filed with this Court, however, only makes reference to the racial discrimination claim.

The Magistrate denied Plaintiff's motion for leave to amend the complaint, and Plaintiff has appealed that denial to this Court, and filed a second motion to amend the complaint. Additionally, Defendant filed a motion for summary judgment. The Magistrate has recommended that the Court grant Defendant's motion, and deny Plaintiff's second

2

motion for leave to amend. Plaintiff has objected to the Magistrate's Report and Recommendation.

## II. ANALYSIS

As the Court is adopting the Magistrate's Report and Recommendation and granting Defendant's motion for summary judgement, under *Raiser v. Corp. of President of Church of Jesus Christ of Latter-Day Saints*, the Court need not address Plaintiff's appeals and objections to nondispositive matters. 494 F. App'x 506, 508 (6th Cir. 2012) cert. denied, 133 S. Ct. 2807, 186 L. Ed. 2d 858 (U.S. 2013) (citing *Fielding v. Tollaksen*, 510 F.3d 175, 179 (2d Cir. 2007) for the proposition that by granting summary judgment to the defendant, a district court implicitly overrules a plaintiff's objections under Fed. R. Civ. P. 72.).

### A. The Standard of Review on an Objection to a Magistrate's Report and Recommendation Recommending Granting Summary Judgement to Defendant

Federal Rule of Civil Procedure 72(b) explicitly provides for *de novo* review where a party objects to a magistrate's Report and Recommendation on dispositive matters. Here, the Magistrate has issued a Report and Recommendation regarding Defendant's motion for summary judgment, and Plaintiff has filed objections thereto. As such, the Court will employ the familiar summary judgment standard in reviewing Plaintiff's claims and the evidence currently on record.

Summary judgment under Federal Rule of Civil Procedure 56 is proper when the movant "shows that there is no genuine dispute as to any material fact, and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); *U.S. SEC v. Sierra Brokerage Services, Inc.*, 712 F.3d 321, 326-27 (6th Cir. 2013) (citing *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 251–52 (1986)) (quotations omitted). When reviewing the

record, "the court must view the evidence in the light most favorable to the non-moving party and draw all reasonable inferences in its favor." *Id.* Furthermore, the "substantive law will identify which facts are material, and summary judgment will not lie if the dispute about a material fact is 'genuine,' that is, if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Id.*

When considering the material facts on the record, a court must bear in mind that "[t]he mere existence of a scintilla of evidence in support of the plaintiff's position will be insufficient; there must be evidence on which the jury could reasonably find for the plaintiff." *Anderson*, 477 U.S. at 252.

### B. The Court Adopts the Magistrate's Report and Recommendation and Grants Defendant's Motion for Summary Judgment

Plaintiff raises thirteen objections to the Magistrate's Report and Recommendation. Many of them are duplicative or raise issues that, even if true, have no bearing on the summary judgment analysis. As such, the Court will review the Report and Recommendation's summary judgment section as a whole.

#### 1. Administrative Exhaustion

The Magistrate correctly noted that "as a prerequisite to filing a civil-rights claim, a plaintiff must file an EEOC charge 'within 180 days of the alleged discrimination, or with the state agency within 300 days.' *Marcum v. Oscar Mayer Foods Corp.*, 46 Fed.Appx. 331, 333 (6th Cir. Sept. 16, 2002) (citing *Parry v. Mohawk Motors of Mich., Inc.*, 236 F.3d 299, 309 (6th Cir. 2000), cert. denied, 533 U.S. 951 (2001))." Such a timely filing with the EEOC or the relevant state agency allows a Plaintiff to claim administrative exhaustion and bring

4

a suit in federal court. The failure of a plaintiff to exhaust her administrative remedies is a proper basis for dismissal. See Magistrate's Rep. & Rec., Dkt. 41, at 8.

### 2. Plaintiff's claims prior to 2012

As noted above, Plaintiff worked for Defendant in 2008, 2009, and the beginning of 2010, at which point her employment with Defendant was terminated. Plaintiff did not file any administrative charges within the relevant 180 or 300 day limit of her final termination. Two years later, in 2012, Plaintiff was not rehired by Defendant after attending a job fair. Plaintiff makes multiple attempts to circumvent the fact that she cannot demonstrate administrative exhaustion for her pre-2012 claims. Plaintiff attempts to link the two time frames by alleging a continuing violation from 2008 through 2012. The facts before the Court, even in the light most favorable to Plaintiff, do not support a such a finding. Plaintiff's argument that Defendant failed to promote her and give her raises during her employment from 2008 through 2010 are allegations of discrete acts of employment discrimination, as is her allegation regarding Defendant's refusal to rehire her in 2012. The Supreme Court has explicitly rejected the idea that easily identifiable discrete acts of discrimination can be linked together to create a continuing violation. *Nat'l R.R. Passenger Corp. v. Morgan*, 536 U.S. 101 (2002). Specifically, in rejecting the Ninth Circuit's "serial violations" analysis of the continuing violations doctrine in the context of employment discrimination, the Supreme Court stated that:

> [d]iscrete acts such as termination, failure to promote, denial of transfer, or refusal to hire are easy to identify. Each incident of discrimination and each retaliatory adverse employment decision constitutes a separate actionable 'unlawful employment practice.' [Plaintiff] can only file a charge to cover discrete acts that 'occurred' within the appropriate time period.

*Nat'l R.R. Passenger Corp.,* 536 U.S. at 114.

Therefore, the Magistrate was correct to recommend granting Defendant's motion for summary judgment as to the pre-2012 claims. That is, taken in the light most favorable to her, there are no facts before the Court that support any of Plaintiff's claims arising from the time she was employed by Defendant through her termination in 2010. Regardless of the brand of discrimination alleged, whether it is race, gender, or disability, Plaintiff's pre-2012 claims all fail as a matter of law because it is undisputed that she never filed any charges with the EEOC or the appropriate state agency within the applicable time limit, and there is nothing to support her continuing violation theory in light of the Supreme Court's ruling, above.

As such the Court ACCEPTS AND ADOPTS the Magistrate's Report and Recommendation as to Defendant's motion for summary judgement on Plaintiff's pre-2012 claims and hereby GRANTS Defendant's motion for summary judgement on Plaintiff's pre-2012 claims, and DISMISSES those claims.

### 3. Plaintiff's 2012 "Job Fair" claims

Plaintiff did file a charge with the Michigan Department of Civil Rights respect to Defendant's failure to re-hire her in 2012. That charge alleges race and gender discrimination in Defendant's decision not to re-hire Plaintiff after her attendance at a job fair. The Michigan Department of Civil Rights charge makes no mention of disability discrimination. It is undisputed that Plaintiff was not rehired after the job fair, nor is it disputed that Plaintiff is a member of a protected class by way of her race and gender. Plaintiff's claims of discrimination, however, are not supported by the evidence before the Court.

The Magistrate also correctly set forth the standard for making a *prima facie* case of employment discrimination where a plaintiff was not hired for an open position. Specifically, such a plaintiff must show:

> (1) that she is a member of a protected class; (2) that she applied and was qualified for the position; (3) that she was considered for and denied the position; and (4) another applicant with similar qualifications who was not a member of the protected class was hired for the position.

*See Sutherland v. Michigan Dept. of Treasury*, 344 F.3d 603, 614 (6th Cir.2003); *Dews v. A.B. Dick Co.*, 231 F.3d 1016, 1020-21 (6th Cir.2000) (quoting *Murray v. Thistledown Racing Club, Inc.*, 770 F.2d 63, 67 (6th Cir.1985) (quoting *Parker v. Baltimore and Ohio R.R. Co.*, 652 F.2d 1012, 1017 (D.C.Cir.1981))).

Here, Plaintiff cannot meet the last factor. In particular, Plaintiff does not contest Defendant's assertion that as a result of the job fair Defendant hired twenty-eight people. Of those twenty-eight, twenty-seven were African-American. As to Plaintiff's claims of gender discrimination, setting aside for the moment that those claims are not included in the complaint, Plaintiff does not point to anything in the record to indicate the ratio of men to women that Defendant hired as a result of the job fair. At the summary judgment stage a plaintiff must be able to point to more than a mere scintilla of evidence in support of her claims. Here, Plaintiff can point to nothing in support of her claims of gender discimination. Furthermore, Plaintiff's argument that the job fair process discriminates against "less assertive women" is meritless, as "less assertive women" is not a protected class, and if Plaintiff's argument is meant to imply that women are necessarily less assertive than men, such an argument is discriminatory in itself, and not worth any further analysis.

Finally, Plaintiff's argument that the above analysis is not applicable because Defendant was hiring for multiple positions carries no weight. Defendant hired twenty-eight people based, initially on attendance at the 2012 job fair. As noted above, save for one, each of those positions was filled by a member of the same protected class as Plaintiff. The Court need not conduct a separate analysis for each of the twenty-eight positions, particularly where it is so clear that no discrimination has taken place.

The facts of this case therefore, do not demonstrate any discrimination on the part of Defendant, and there are no genuine disputes as to the material facts of Defendant's hiring record with respect to the 2012 job fair. As such the Court ACCEPTS AND ADOPTS the Magistrate's Report and Recommendation as to Defendant's motion for summary judgement on Plaintiff's 2012 job fair claims and hereby GRANTS Defendant's motion for summary judgement on Plaintiff's 2012 job fair claims, and DISMISSES those claims.

### III. Conclusion

For the reasons set forth above, the court ACCEPTS AND ADOPTS the Magistrate's Report and Recommendation with respect to Defendant's motion for summary judgment and hereby GRANTS Defendant's motion for summary judgment. In so granting summary judgment, the Court DENIES and OVERRULES any and all pending appeals or objections regarding nondispositive matters, and DISMISSES this case with prejudice.

SO ORDERED.

s/Nancy G. Edmunds
Nancy G. Edmunds
United States District Judge

Dated: May 15, 2014

8

I hereby certify that a copy of the foregoing document was served upon counsel of record on May 15, 2014, by electronic and/or ordinary mail.

                                        s/Carol J. Bethel
                                        Case Manager